JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Sara Munizza
1476 Makefiled Road
Yardley, PA 19067

**DEFENDANTS**
Retinovitreous Associates, LTD d/b/a Mid Atlantic Retina
4060 Butler Pike, Suite 200
Plymouth Meeting, PA 19462

**(b)** County of Residence of First Listed Plaintiff    Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia PA 19102
Tel: 267-546-0131

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                     Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | | **PERSONAL INJURY** | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander | [ ] 365 Personal Injury - Product Liability | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 371 Truth in Lending | **LABOR** | |
| [ ] 195 Contract Product Liability | | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Management Relations | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 740 Railway Labor Act | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 751 Family and Medical Leave Act | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 790 Other Labor Litigation | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | [ ] 791 Employee Retirement Income Security Act | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | **SOCIAL SECURITY** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | [ ] 861 HIA (1395ff) | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 862 Black Lung (923) | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 863 DIWC/DIWW (405(g)) | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 550 Civil Rights | [ ] 864 SSID Title XVI | |
| | | [ ] 555 Prison Condition | [ ] 865 RSI (405(g)) | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | **FEDERAL TAX SUITS** | |
| | | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | |
| | | [ ] 462 Naturalization Application | | |
| | | [ ] 465 Other Immigration Actions | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. § 12101 et seq
Brief description of cause:
Americans with Disabilities Act

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- DEMAND $ 150,000
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE 5/25/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

|  |  |  |
|---|---|---|
| | : | CIVIL ACTION |
| Sara Munizza | : | |
| v. | : | |
| Retinovitreous Associates, LTD | : | |
| d/b/a Mid Atlantic Retina | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (X )

| | | |
|---|---|---|
| 5/25/2021 | Graham F. Baird | Sara Munizza |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-546-0131 | 215-944-6124 | GrahamB@ericshore.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___1476 Makefield Road, Yardley, PA 19067___

Address of Defendant: ___4606 Butler Pike, Suite 200, Plymouth Meeting, PA 19462___

Place of Accident, Incident or Transaction: ___4606 Butler Pike, Suite 200, Plymouth Meeting, PA 19462___

---

**RELATED CASE, IF ANY:**

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?     Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ___5/25/2021___     _____     ___92692___
                                          *Attorney-at-Law / Pro Se Plaintiff*               *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.**   **Federal Question Cases:**

☐  1.  Indemnity Contract, Marine Contract, and All Other Contracts
☐  2.  FELA
☐  3.  Jones Act-Personal Injury
☐  4.  Antitrust
☐  5.  Patent
☐  6.  Labor-Management Relations
☒  7.  Civil Rights
☐  8.  Habeas Corpus
☐  9.  Securities Act(s) Cases
☐  10.  Social Security Review Cases
☐  11.  All other Federal Question Cases
      *(Please specify):* _____

**B.**   **Diversity Jurisdiction Cases:**

☐  1.  Insurance Contract and Other Contracts
☐  2.  Airplane Personal Injury
☐  3.  Assault, Defamation
☐  4.  Marine Personal Injury
☐  5.  Motor Vehicle Personal Injury
☐  6.  Other Personal Injury *(Please specify):* _____
☐  7.  Products Liability
☐  8.  Products Liability – Asbestos
☐  9.  All other Diversity Cases
      *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ___Graham F. Baird___, counsel of record *or* pro se plaintiff, do hereby certify:

☒  Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐  Relief other than monetary damages is sought.

DATE: ___5/25/2021___     _____     ___92692___
                                          *Attorney-at-Law / Pro Se Plaintiff*               *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SARA MUNIZZA<br>1476 Makefield Road<br>Yardley, PA 19067 | : <br> : <br> : <br> : | **JURY DEMANDED** |
| Plaintiff, | : <br> : | |
| v. | : <br> : | No. |
| RETINOVITREOUS ASSOCIATES, LTD<br>d/b/a MID ATLANTIC RETINA<br>4060 Butler Pike, Suite 200<br>Plymouth Meeting, PA 19462 | : <br> : <br> : <br> : <br> : | |
| Defendants. | : | |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1.      Plaintiff, SARA MUNIZZA (hereinafter "Plaintiff") is an adult individual residing at the above address.

2.      Defendant, RETINOVITREOUS ASSOCIATES, LTD d/b/a  MID ATLANTIC RETINA (hereinafter "Defendant") is a business corporation organized by and operating under the laws of the Commonwealth of Pennsylvania and having a principal place of business at the above captioned address.

3.       At all times material hereto, Defendant qualified as Plaintiff's employer pursuant to the Americans with Disabilities Act, the Pregnancy Discrimination Act, the Family and Medical Leave Act, the Pennsylvania Human Relations Act and as defined under Pennsylvania common law.

4.      This action is instituted pursuant to the Americans with Disabilities Act, the

Pregnancy Discrimination Act, the Family and Medical Leave Act and the Pennsylvania Human

Relations Act.

5.      Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

6.      Supplemental jurisdiction over the Plaintiff's state law claim is conferred pursuant

to 28 U.S.C. § 1367.

7.      Plaintiff has satisfied the administrative prerequisites and exhausted her

administrative remedies prior to bringing this civil rights claim.  [Exh. A.]

8.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this

district because Defendant conducts business in this district, and because a substantial part of the

acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

Plaintiff was working in the Eastern District of Pennsylvania at the time of the illegal actions by

Defendants as set forth herein.

**II.  Operative Facts.**

9.      In or around May of 2015, Defendant hired Plaintiff as a front desk receptionist.

10.     During her employment, Plaintiff was promoted to clinical technician, the

position she held at the time of her termination.

11.     In or around April of 2019, Plaintiff advised Defendant that she was pregnant,

with an anticipated delivery date in December of 2019.

12.     Approximately one (1) week later, Plaintiff began to experience complications

arising from her pregnancy, for which she sought treatment by her physician.

13.     On or about May 12, 2019, Plaintiff was experiencing pain and other

complications and was forced to leave work early.

14.     Plaintiff was subsequently absent from work from May 12 to May 16, 2019 due to these complications arising from her pregnancy.

15.     Upon her return to work, Plaintiff submitted a request for a reasonable accommodation in the form of additional rest and food breaks as needed.

16.     Defendant refused to accommodate Plaintiff's request.

17.     On or about June 4, 2019, Plaintiff's physician deemed Plaintiff's pregnancy "high-risk" and restricted her from all work activity.

18.     Following this, Plaintiff applied and was initially approved for an FMLA leave.

19.     In August of 2019, Plaintiff received an email from Defendant's third-party leave coordinator, Lindsey Lloyd, informing Plaintiff that her FMLA would be exhausted as of August 26, 2019.

20.     Ms. Lloyd additionally indicated that Plaintiff would need to have her physician submit additional paperwork.

21.     Plaintiff did as she was instructed, and submitted the required paperwork to Defendant in September of 2019.

22.     Defendant then requested Plaintiff obtain a note from her OB/GYN confirming that she would be released to return to work six (6) to eight (8) weeks following the birth of her child.

23.     On or about October 16, 2019, and pursuant to Defendant's instruction, Plaintiff submitted a note from her OB/GYN confirming the same.

24.     On or about November 1, 2019, Plaintiff received a call from Defendant's human resources representative, Bethany Gross, informing her that her employment was terminated as of October 28, 2019.

25.     Defendant failed to reasonably accommodate Plaintiff's disability.

26.     Defendant failed to meaningfully engage in an interactive process towards the development of a reasonable accommodation for Plaintiff's disability.

27.     At all times material hereto, Defendant was hostile to Plaintiff's pregnancy, diagnosed medical condition, and need to take FMLA leave, and terminated her as a result of that animus.

28.      As a direct and proximate result of Defendant's conduct in terminating Plaintiff, she sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, pain and suffering and other damages as set forth below.

**III.  Causes of Action.**

### COUNT I– AMERICANS WITH DISABILITIES ACT
### (42 U.S.C.A. § 12101 et seq)
### (Plaintiff v. Defendants)

29.     Plaintiff incorporates paragraphs 1-29 as if fully set forth at length herein.

30.     At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq., an employer may not discriminate against an employee based on a disability.

31.     Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

32.     Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

33.     At all times material hereto, Plaintiff had a qualified disability, as described above.

34.     Defendant failed to accommodate or otherwise engage in a meaningful back and forth towards the development of a reasonable accommodation.

35.     Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of her disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

36.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, liquidated damages as well as emotional distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

37.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

38.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demands attorneys fees and court costs.

### COUNT II – EMPLOYMENT DISCRIMINATION
### (42 U.S.C.A. § 2000e-2(a))

39.     Plaintiff incorporates paragraphs 1-37 as if fully set forth at length herein.

40.     Defendant took adverse action against Plaintiff by terminating her employment.

41.     Plaintiff's status as a pregnant woman places her in a protected class.

42.     Plaintiff's membership in a protected class was a motivating factor in Defendant's adverse actions and conduct.

43.     As such, Defendant's conduct constitutes unlawful employment practices, under 42. U.S.C. § 2000e-2(a).

44.     As a proximate result of Defendant's conduct, Plaintiff sustained significant

damages, including but not limited to: great economic loss, future lost earning capacity, lost

opportunity, pain and suffering, consequential damages and Plaintiff has also sustained work

loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim

is made therefore.

45.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby

demands punitive damages.

46.     Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq Plaintiff

demands attorneys fees and court costs.

### COUNT III—PREGNANCY DISCRIMINATION ACT
### (42 U.S.C.A. § 2000(e)(k) et seq)

47.     Plaintiff incorporates paragraphs 1-46 as if fully set forth at length herein.

48.     At all times material hereto, and pursuant to the Pregnancy Discrimination Act an

employer may not discriminate against an employee on the basis of pregnancy, childbirth or

other medical conditions.

49.     At all times material hereto, Plaintiff was pregnant and subject to the

aforementioned adverse actions, as described above.

50.     Defendant's conduct in terminating and/or declining to provide Plaintiff  an

accommodation was a result of her pregnancy and, as such, constitutes a violation of the

Pregnancy Discrimination Act, 42 U.S.C. §2000(e)(k), et seq.

51.     As a proximate result of Defendant's conduct, Plaintiff sustained significant

damages, including but not limited to: great economic loss, future lost earning capacity, lost

opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional

distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss,

loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

52.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

53.     Pursuant to the Pregnancy Discrimination Act, Plaintiff demands attorneys fees and court costs.

## COUNT IV – VIOLATION OF FMLA—RETALIATION
### (29 U.S.C. §2601 et seq.)

54.     Plaintiff incorporates paragraphs 1-53 as if fully set forth at length herein.

55.     As set forth above, Plaintiff was entitled to medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq.

56.     As described above, Defendant terminated Plaintiff's employment, an adverse action, in retaliation for her exercising her rights to take FMLA leave.

57.     Defendant's motivation in terminating Plaintiff's employment was based, in part, upon her application and utilization of FMLA leave.

58.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

59.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive and/or liquidated damages.

60.     Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq

Plaintiff demands attorneys fees and court costs.

**COUNT V—PENNSYLVANIA HUMAN RELATIONS ACT**
**43 Pa.C.S.A. §951, et seq.**
**(Plaintiff v. Defendants)**

61.     Plaintiff incorporates paragraphs 1-60 as if fully set forth at length herein.

62.     As set forth above, Plaintiff is a member of a protected class.

63.     Defendants failed to accommodate or otherwise engage in a meaningful back and

forth towards the development of a reasonable accommodation.

64.     Defendants terminated Plaintiff's employment.

65.     As set forth above, a motivating factor in the decision to terminate Plaintiff's

employment is Plaintiff's disability.

66.     Plaintiff suffered disparate treatment in the manner in which she was terminated

as compared to similarly situated able-bodied, and/or male employees, who received more

favorable treatment by Defendants.

67.     As such, Defendants violated the Pennsylvania Human Relations Act, 43

Pa.C.S.A. §951, et seq.

68.     As a proximate result of Defendants' conduct, Plaintiff sustained significant

damages, including but not limited to: great economic loss, future lost earning capacity, lost

opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional

distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss,

loss of opportunity, and a permanent diminution of earning power and capacity and a claim is

made therefore.

69.     Plaintiff demands attorneys' fees and court costs.

## IV.  Relief Requested.

**WHEREFORE,** Plaintiff, SARA MUNIZZA demands judgment in her favor and against Defendants, RETINOVITEROUS ASSOCIATES, LTD d/b/a MID ATLANTIC RETINA, in an amount in excess of $150,000.00 together with:

A.   Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

B.   Punitive damages;

C.   Liquidated damages;

D.   Attorneys fees and costs of suit;

E.   Interest, delay damages; and,

F.   Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: _____

 **GRAHAM F. BAIRD, ESQUIRE**
 Two Penn Center
 1500 JFK Boulevard,  Suite 1240
 Philadelphia, PA 19102

 Attorney for Plaintiff, Sara Munizza

Date:_  5/25/2021

# EXH. A

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | **Sara Munizza** | From: | **Philadelphia District Office** |
|---|---|---|---|
| | **1476 Makefield Road** | | **801 Market Street** |
| | **Yardley, PA 19067** | | **Suite 1000** |
| | | | **Philadelphia, PA 19107** |

|  | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2020-02984** | **Legal Technician** | **(267) 589-9700** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit.  This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Jamie R. Williamson* (signature)

**Jamie R. Williamson,**
**District Director**

March 2, 2021

*(Date Issued)*

Enclosures(s)

cc:

| **Michele Miles** | **Linda M. Lopez, Esq.** |
|---|---|
| **Director of Human Resources** | **LAW OFFICE OF ERIC SHORE** |
| **RETINOVEROUS; MID ATLANTIC RETINA** | **2 Penn Center** |
| **4060 Butler Pike, Suite 200** | **1500 John F. Kennedy Boulevard, Suite 1240** |
| **Plymouth Meeting, PA 19462** | **Philadelphia, PA 19102** |

Enclosure with EEOC
Form 161 (11/2020)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* **to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**.  (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability.  *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**
➢ **Only one** major life activity need be substantially limited.
➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.
➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**
➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.  Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*  For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.